UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL KRAIG,

      Plaintiff,

v.                                                                  Case No:   2:13-cv-568-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Michael Kraig, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").   As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.      Issue on Appeal

Plaintiff raises a single issue on appeal: whether the ALJ gave appropriate weight to the medical source opinions in the record.

### II.      Procedural History and Summary of the ALJ's Decision

On January 9, 2010, Plaintiff filed an application for a period of disability and DIB and an application for SSI on March 16, 2010, alleging he became disabled and

unable to work on January 1, 2009.[1]   Tr. 145-52.   The Social Security Administration ("SSA") denied his claims initially on May 28, 2010 and upon reconsideration on September 29, 2010.   Tr. 125-32, 134-38.   Plaintiff then requested and received a hearing before an ALJ on September 13, 2011, during which he was represented by an attorney.   Tr. 140, 84-110.   Plaintiff and VE Joyce Ryan testified at the hearing.   Tr. 84-110.

On January 20, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying his claim.   Tr. 22-29.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011.   Tr. 24.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairment: chronic low back pain syndrome due to degenerative joint disease, arthralgia and bilateral knee pain and shoulder pain syndrome.   *Id.*   The ALJ also found that the record did not establish that Plaintiff had a medically determinable mental impairment.   *Id.*   At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[2]   Tr. 25.

---

[1] The application for disability and DIB dated January 9, 2010 does not appear to be in the record.   Upon review, the record includes an application for disability benefits dated March 17, 2010.   *See* Tr. 153-58.

[2] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."   20 C.F.R. § 405.1525(a).

Taking into account the effects from Plaintiff's impairments, the ALJ then determined that Plaintiff had the RFC to perform the full range of light work, as defined in 20 C.F.R. § 404.1567(b).[3]   Tr. 25.   The ALJ also found that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."   Tr. 26.   With respect to the severity of symptoms alleged by the Plaintiff, the ALJ concluded:   "The limitations to which he testified are somewhat greater than would reasonably be expected from the objective and other evidence of record."   Tr. 27.   Taking into consideration his RFC determination, the physical and mental demands of Plaintiff's past relevant work and the VE's testimony and opinion, the ALJ found that Plaintiff could not perform his past relevant work as a construction laborer.   *Id.*

The ALJ proceeded to discuss Plaintiff's age, 45, as of the AOD, and that Plaintiff has at least a high school education and is able to communicate in English. Tr. 27.   The ALJ determined that the Medical-Vocational rules support a finding that Plaintiff is not disabled.   Tr. 28 (citing SSR 82-41 and 20 C.F.R. Part 404,

---

[3] The regulations define "light work" as follows:

(b) Light work.   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

Subpart P, Appendix 2). The ALJ found that, considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and that Medical-Vocational Rule 202.21 directs a finding of "not disabled." Tr. 28.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on June 20, 2013. Tr. 1, 10-11. Accordingly, the ALJ's January 20, 2012 decision is the final decision of the Commissioner. On August 1, 2013, Plaintiff timely filed his Complaint with this Court under 42 U.S.C. §§ 405(g). Doc. 1.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must

consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

On appeal, Plaintiff contends that the ALJ erroneously gave great weight to the opinion of Dr. Robert Steele, a non-examining state agency physician, which Plaintiff claims "appears to have been made without having had the opportunity to review radiological reports, which were in existence prior to the date the opinion was made and should have been obtained by the Defendant" and "without the benefit of later treatment records, generated after the date of the opinion." Doc. 28 at 5. Plaintiff further argues that the ALJ did not explain the basis for his determination that the opinion of examining physician Dr. Rajan Sareen was inconsistent with the objective evidence, and therefore entitled to little weight, and states that Dr. Sareen's opinion was based on evidence not available to the state agency examiner at the time he rendered his opinion. *Id.* at 6.   Plaintiff requests that the Court remand the case to the ALJ to give greater weight to Dr. Sareen's opinion or explain in detail his findings why the opinion is inconsistent with the overall record.[4]  *Id.* at 7.   The Commissioner responds that the ALJ's opinion is supported by substantial evidence because Dr. Steele's opinion is consistent with the record as a whole, including the findings and opinions of Dr. Kibria, Dr. Hill and Dr. Salopek, and thus was

---

[4] Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. 28) also states:

> For the sake of brevity and economy, the statements of the testimony and of the documentary evidence as set forth in the ALJ's decision are accepted by the Plaintiff and incorporated, as if fully presented herein, except as specifically alluded to, excepted, or expanded upon . . . .

Doc. 28 at 3 (internal citation omitted).

appropriately given great weight. Doc. 29 at 4-11. Defendant also argues that if any evidence was not in the record, it was the burden of Plaintiff, not the Commissioner as urged by Plaintiff, to obtain the necessary records and evidence and provide them in support of his claim. *Id.* at 8.

Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c)(2)-(6). Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight. *Id.*

By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so. *Winschel*, 631 F.3d at 1179. Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion. *Lawton v. Comm'r*

*of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011).   "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)).   In addition, "[g]ood cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'"   *Green v. Soc. Sec. Admin.*, 223 Fed. Appx. 915, 922 (11th Cir. 2007) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam)).   "The ALJ may also devaluate the opinion of a treating physician where the opinion is contradicted by objective medical evidence."   *Green*, 223 Fed. Appx. at 922.

Moreover, opinions on some issues, such as the claimant's RFC and whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.,* that would direct the determination or decision of disability."   20 C.F.R. § 404.1527(d); SSR 96-5p.   Thus, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.   20 C.F.R. § 404.1527(d)(1). Although the ALJ makes the RFC determination based in part on medical opinions in the record, the ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion as to whether the

claimant meets a listed impairment, a claimant's RFC (20 C.F.R. §§ 404.1545 and 404.1546) or the application of vocational factors, because those determinations are the within the sole province of the Commissioner.   20 C.F.R. § 404.1527(d)(3).

Here, the ALJ adopted the August 3, 2010 RFC opinion of state agency medical consultant Dr. Robert Steele, finding it consistent with and supported by objective evidence in the record.   Tr. 27.   Dr. Steele determined that Plaintiff could occasionally lift and/or carry up to 20 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday, sit with normal breaks for a total of about 6 hours in an 8-hour workday and was not limited in his ability to push and/or pull, except as by his ability to lift and/or carry.   Tr. 257.   Dr. Steele explained his findings by noting that Plaintiff was a 47 year old male with chronic joint pain who suffered an injury to his wrist in 1994 and has long-term narcotics use and ongoing alcohol abuse.

Dr. Steele stated that Plaintiff had full strength and well developed and symmetrical muscles with no atrophy but was uncooperative during range of motion testing, and acknowledged that Plaintiff used crutches but noted that their medical necessity was questionable.   He determined that Plaintiff had no postural, manipulative, visual, communicative or environmental limitations.   Tr. 258-60.   Dr. Steele found that Plaintiff's symptoms were attributable to a medically determinable impairment, but that the severity of his symptoms was disproportionate to Plaintiff's history and examination.   Tr. 261.

The ALJ also discussed a May 18, 2010 consultative medical examination performed by Dr. Eshan Kibria, who is board certified in neurology, pain management and MRI interpretation, which revealed moderate limitation in Plaintiff's range of motion in his shoulder but found no evidence of weakness in any muscle group and no atrophy or fasciculation.[5]   Tr. 26, 238.   Dr. Kibria found that Plaintiff had full graded motor strength in his extremities, including hand grips, and that Plaintiff's gross and fine finger dexterity was normal, noting that Plaintiff could hold a pencil or pen and a cup in both hands, could button and unbutton and could open doors.   Tr. 238.   Dr. Kibria noted that Plaintiff appeared comfortable sitting and walked with crutches due to alleged knee pain, but, like Dr. Steele, Dr. Kibria questioned whether the crutches were "medically necessary."   *Id.*   Dr. Kibria diagnosed Plaintiff with chronic pain syndrome, mostly in his knees, right shoulder and lower back without radiculitis, and opiate dependency.   Tr. 238.   He acknowledged Plaintiff's history of injury to his right wrist and surgery, and noted that Plaintiff "maintains numbness in hands."   Tr. 238.

The ALJ considered the opinion of treating physician Dr. Vlatko Salopek, who examined Plaintiff on October 14, 2010 and November 18, 2010.[6]   Tr. 26.   In October 2010, Dr. Salopek examined Plaintiff's musculoskeletal system and found that Plaintiff had pain with motion in his shoulders and knees.   Tr. 317.   He assessed

---

[5] Fasciculation is "muscular twitching involving the simultaneous contraction of contiguous groups of muscle fibers."   *Merriam-Webster Medical Dictionary*, http://www.merriam-webster.com/dictionary/fasciculations (last visited Sept. 17, 2014).

[6] Dr. Salopek previously treated Plaintiff in 2004 for allergies and other common physical ailments.   *See* Tr. 26; Tr. 321-24.

Plaintiff with arthralgia in multiple sites, chronic pain syndrome and opioid dependence with continuous use.   Tr. 317.   When Plaintiff requested narcotics for pain control, Dr. Salopek instead referred him to a pain specialist and told him to take over the counter medication.   Tr. 318.   Plaintiff returned to Dr. Salopek in November 2010 for a follow-up to his previous visit.   Tr. 313-15.   Dr. Salopek noted during that visit that Plaintiff had come under the care of a pain specialist.   Tr. 313. Dr. Salopek conducted a musculoskeletal examination, which revealed Plaintiff's results to be in the normal range, unlike in the October evaluation, which revealed shoulder and knee pain.   Tr. 314.   Dr. Salopek also noted that additional laboratory findings were normal.   Tr. 313.   He again assessed Plaintiff with arthralgia in multiple sites, opioid dependence with continuous use and chronic pain syndrome. Tr. 314.

The ALJ also addressed medical records from treating physician Dr. Emilya Hill,[7] who treated Plaintiff intermittently from October 2009 through June 2011 for his musculoskeletal impairments.   Tr. 26, 285-311.   The ALJ observed that objective evidence in Dr. Hill's records showed normal sensory and motor functioning and no significant abnormalities.[8]   Tr. 26.   He discussed progress notes from Dr.

---

[7] The ALJ's opinion discusses records from "Ameilia Hill," Tr. 26, and Plaintiff's medical source cover sheet identifies "Amelia Hill, M.D.," but the medical records identify "Emilya S. Hill, M.D."   Tr. 285-96.   These all refer to the same records completed by Dr. Hill.   Therefore, the Court uses the spelling featured in the doctor's own records.

[8] Most of Dr. Hill's records are illegible.   To the extent they can be read by the Court, they appear to reveal relatively normal findings.   For example, Plaintiff was referred by Dr. Hill to Radiology Regional Center for knee x-rays on November 4, 2010, which revealed minimal medial compartment narrowing but Plaintiff's knees were otherwise normal.   Tr. 301.   Dr. Hill also routinely checked boxes which state that Plaintiff was seen for routine follow-up to pain management, "is satisfied and doing well on current therapy," that his

Hill that identified some tingling in Plaintiff's lower extremities and that Plaintiff had an increased limp in his gait due to back and knee pain, but also noted that Dr. Hill did not place any specific limitations on Plaintiff's ability to perform work-related activities.   Tr. 26.

The opinions of Drs. Kibria, Salopek and Hill support the RFC determination of Dr. Steele and provide substantial evidence to support the ALJ's determination that Plaintiff is capable of light work and therefore not disabled.   The records and examination notes of each of these physicians reveal no significant abnormalities and relatively normal examination findings, and none includes an opinion that Plaintiff is restricted in his ability to perform basic work activities.   Although not specifically cited by the ALJ in his opinion, the physical RFC assessment completed by Single Decisionmaker Sabrina Lichtward on May 27, 2010 also is consistent with the opinion of Dr. Steele and therefore further supports the ALJ's decision to accord great weight to Steele's opinion.   Tr. 115-22.   Ms. Lichtward found that Plaintiff could occasionally lift 20 pounds, frequently lift up to 10 pounds, stand and/or walk with normal breaks for about six hours in an eight-hour workday and sit for about six hours in an eight-hour workday.   Tr. 116.   She determined that Plaintiff had no postural, manipulative, visual, communicative or environmental limitations.   Tr. 117-19.   She noted that no laboratory findings corroborated the symptoms alleged by

---

"activity of daily living has improved" and he is "not better or worse, current dose has ameliorated quality of life and allows patient to work or function at a higher capacity."   Tr. 285, 287, 289, 291, 293, 295, 297, 299, 302, 304.

Importantly, Plaintiff does not dispute the ALJ's interpretation of Dr. Hill's records. See note 4, supra.

Plaintiff and that the reported severity seemed disproportionate to the expected severity based upon the medical evidence in the record and was inconsistent with the record as a whole.   Tr. 120.   Thus, the medical evidence in the record supports the ALJ's determination that Dr. Steele's opinion as to Plaintiff's RFC was entitled to great weight, and upon review the Court finds that the ALJ's opinion in that respect is supported by substantial evidence.

The ALJ also discussed the opinion and findings of Dr. Rajan Sareen,[9] who examined Plaintiff in September 2011.   Tr. 26, 328-33.   Dr. Sareen completed a form entitled "Medical Assessment of Ability to Do Work-Related Activities (Physical)" at the request of Plaintiff's counsel.   Dr. Sareen determined that Plaintiff's ability to lift and carry is affected by his impairment and found that Plaintiff can lift and/or carry 35-40 pounds for "very short periods of time (10 min[utes])" and that 35-40 pounds was also the maximum that Plaintiff could "occasionally" lift or carry.   Tr. 328.

Dr. Sareen's assessment of Plaintiff's work-related abilities stated that Plaintiff only can stand and walk for 2-3 hours total with multiple breaks in an 8-hour workday[10] and for 20 minutes without interruption.   Tr. 329.   Dr. Sareen also found that Plaintiff's ability to sit was affected by his back and knee problems, he could sit for only 2-3 hours with multiple breaks in an 8-hour workday and would

---

[9] The ALJ refers to "Dr. Rajeen Sareen."   Tr. 26.   The form submitted in support of Plaintiff's disability claim identifies "Dr. Rajan Sareen."   Therefore, the Court uses the spelling from the doctor's form.

[10] Dr. Sareen noted that Plaintiff "then states he is unable to move for days.   To recover."   Tr. 329.

- 13 -

need to elevate his legs.   Tr. 329.   Dr. Sareen further opined that Plaintiff is unable

to kneel or crawl; should no more than occasionally (which Dr. Sareen identified as

"once monthly") climb, balance, stoop and crouch; is limited in his ability to push

and/or pull; and should avoid heights, machinery, chemicals, extreme temperatures,

fumes and vibration.   Tr. 329-30.   Finally, Dr. Sareen indicated that due to

Plaintiff's decreased range of motion and tenderness in his lower back, Plaintiff would

be expected to have several exacerbations each year, totaling 100-150 days per year,

which would "interfere with his activities of daily living and prevent him from doing

anything for several days at a time."   Tr. 331.

The ALJ concluded that Dr. Sareen's opinion was entitled to little weight,

finding it was "totally inconsistent with the entire objective findings of record" and

based upon only one examination.   Tr. 27.   The ALJ noted that Dr. Sareen's

examination revealed no motor or sensory deficits and that Plaintiff's gait was within

normal limits, but that a musculoskeletal examination revealed some decreased

range of motion.   Tr. 26.   Upon review, the Court finds the ALJ properly determined

that Dr. Sareen's opinion is inconsistent with the other record evidence and, under

the regulations, the ALJ therefore could afford it less weight.   20 C.F.R. §

104.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a

whole, the more weight we will give to that opinion."); *see also* 20 C.F.R. §

104.1527(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature

and severity of your impairment(s) is well-supported . . . and is not inconsistent with

the other substantial evidence in your case record, we will give it controlling

weight."); 20 C.F.R. § 104.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.   The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

Moreover, as observed by the ALJ, Dr. Sareen examined Plaintiff only one time for the purpose of completing a form provided by Plaintiff's counsel in support of his claim for disability.   Tr. 328-33; *see also* Tr. 90-91 (stating that counsel for Plaintiff asked Dr. Hill, one of Plaintiff's treating physicians, to complete a functional capacity evaluation form but she refused, so counsel then asked Plaintiff to see Dr. Sareen). Accordingly, Dr. Sareen was not a "treating" physician, but rather a "nontreating source," and the ALJ was therefore not required to give his opinion any special weight.   *See* 20 C.F.R. § 404.1502 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant].").   "The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician." *Denomme v. Comm'r*, 518 Fed. Appx. 875, 877 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)).

To the extent that Plaintiff argues that the ALJ improperly afforded Dr. Steele's opinion great weight because he did not review all available medical evidence, the Court notes that it is Plaintiff's burden to produce evidence in support of his claim for disability.   *See* 20 C.F.R. § 404.1512(a), (c); 20 C.F.R. § 416.912(a),

(c); *Ellison*, 355 F.3d at 1276 ("[T]he claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."); *Castle*, 557 Fed. Appx. at 852 (The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period.") (citing 20 C.F.R. § 404.1512(c)).   To the extent Plaintiff argues that Dr. Steele's opinion was not entitled to great weight because he received additional treatment after the date of Dr. Steele's RFC opinion, Plaintiff has not shown that later evidence is inconsistent with Dr. Steele's findings, with the exception of Dr. Sareen's opinion to which the Court has determined the ALJ properly afforded little weight.

V.    Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.   Accordingly, it is

ORDERED:

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.      The Clerk of Court is further directed to close the file.

DONE and ORDERED in Fort Myers, Florida on this 17th day of September,

2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record